IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERESA M. POLAND, as the personal representative of the Estate of Todd B. Poland, deceased;

Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

8:18CV503

**MEMORANDUM AND ORDER**

Teresa Poland, as personal representative of the estate of Todd Poland (Plaintiff), is suing Todd Poland's former employer, Union Pacific Railroad Company (UPRR), under the Federal Employers Liability Act (FELA) 45 U.S.C. § 51 *et seq.*, alleging his workplace exposure to toxic substances and carcinogens caused his colon cancer. (Filing No. 1 at CM/ECF pp. 1-3). Todd Poland (Poland) was diagnosed on October 24, 2011 and passed away on October 28, 2015. (Filing No. 27-2 at CM/ECF p. 38). UPRR now moves for summary judgment (Filing No. 25), arguing Plaintiff's claims under the FELA are time-barred because they were filed more than three years after Poland was diagnosed with cancer. See 45 U.S.C. § 56. For the reasons explained below, the motion for summary judgment will be granted.

FACTUAL STATEMENT

Poland worked for UPRR from 1975 to 2011 as a track laborer, machine operator and foreman. (Filing No. 1 at CM/ECF p. 2). The Complaint alleges that during Poland's employment, he was exposed to diesel fuel/exhaust, benzene,

creosote, herbicides, and rock/asbestos/sand dust and fibers. (Id.). Teresa Poland is designated as personal representative for Todd Poland's estate. ([Filing No. 27-3](#)). Teresa and Todd Poland started dating in 1986 and were married in 1993. ([Filing No. 27-2, at CM/ECF p.5](#); [Filing No. 27-2, at CM/ECF p. 15](#)).

Over the span of 30 years, Poland would call Plaintiff to complain about creosote burns, diesel fumes and other work conditions. ([Filing No. 27-2, at CM/ECF p. 30](#)). Starting around 1990, Poland complained that diesel fumes gave him a sore throat and that he could taste the fumes by breathing them in. ([Filing No. 27-2, at CM/ECF pp. 30-31](#)). Poland complained to Plaintiff about the creosote burns as soon as they started dating, in the late 1980's, and would use Noxzema on his burns. ([Filing No. 27-2, at CM/ECF p. 31](#)). Poland would come home filthy with dust on his clothes. (Id.). On one occasion, Poland came home with his shirt and pants soaked in diesel fuel. ([Filing No. 27-2, at CM/ECF p. 32](#)). Poland always got undressed in the garage and his clothes were washed separately because of the smell. (Id.). In the early 2000s, Poland and his co-workers complained at a union meeting about asbestos and the "horrendous" fumes in the diesel shop. ([Filing No. 27-2, at CM/ECF p. 20](#)). Poland complained diesel fumes burned his eyes. ([Filing No. 27-2, at CM/ECF p. 20](#)).

Poland knew about his colon cancer no later than October 24, 2011, the date he was diagnosed. ([Filing No. 27-2 at CM/ECF p. 38](#)). Poland passed away on October 28, 2015. (Id.). Plaintiff did nothing to investigate the cause of Poland's cancer and was not aware of anything Poland did to investigate. (Id.). In 2018, Plaintiff spoke with one of Poland's co-workers who suggested Poland's work conditions may have contributed to the cause of his death or cancer. ([Filing No. 27-2, at CM/ECF pp. 26-28](#)). Prior to this discussion and prior to Poland's cancer diagnosis, Plaintiff was aware of Poland's exposure to creosote and diesel fumes. ([Filing No. 27-2, at CM/ECF p. 28](#)). Plaintiff filed suit on October 24, 2018 after

seeing a television ad for an attorney. (Filing No. 1; Filing No. 27-2, at CM/ECF p. 29).

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. Id.

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Id. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. Id. But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. Id. In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. Quinn v. St. Louis Cty., 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Torgerson, 643 F.3d at 1042.

DISCUSSION

Two claims exist under the FELA when an injury caused or contributed to an employee's death; a survival action and wrongful death action. 45 U.S.C. § 51; 45 U.S.C. § 59; Greene v. CSX Transp., Inc., 843 So. 2d 157, 161 (Ala. 2002). The issue presented is whether Plaintiff's FELA claims are barred by 45 U.S.C § 56[1], which provides that "No action shall be maintained under [FELA] unless commenced within three years from the day the cause of action accrued." But that statute incorporates a discovery rule: When an injury does not arise from a single traumatic event with immediate symptoms, but rather a latent one with symptoms appearing over time, the claim does not accrue until the employee: 1) is aware or should be aware of his condition, and 2) knows – or has reason to know – the condition's cause. White v. Union Pac. R.R., 867 F. 3d 997, 1001 (8th Cir. 2017). Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential fact of injury and its cause. Id. (citing Fries v. Chi. & Nw. Transp. Co., 909 F.2d 1092, 1095 (7th Cir. 1990). [2] See Smith v. BNSF Ry. Co., No. 4:17-CV-3062, 2018 WL 6529503,

---

[1] The court recognizes that UPRR also argues Plaintiff lacks capacity to bring suit because she was not Poland's personal representative prior to the filing of this lawsuit. (Filing No. 26, at CM/ECF p. 20). But at this point, Plaintiff is Poland's personal representative. Because UPRR's motion can be granted based on the statute of limitations issue alone, the court declines to analyze UPRR's lack of capacity argument.

[2] There is a split of authority regarding the burden of proof in a FELA case when a defendant moves for summary judgment based on the statute of limitations. Compare Fonseca v. Consol. Rail Corp., 246 F.3d 585, 590-91 (6th Cir. 2001) (defendant has burden of proof on all affirmative defenses such as statute of limitations); with Johnson v. Norfolk & W. Ry. Co., 985 F.2d 553 (4th Cir. 1993), and Bealer v. Missouri Pac. R. Co., 951 F.2d 38, 39 (5th Cir. 1991) (because timeliness is essential element of plaintiff's claim, plaintiff bears burden of showing genuine factual dispute). For purposes of this motion, however, the Court assigns that burden to UPRR, because the discovery rule in FELA cases is a doctrine of accrual, not a tolling doctrine asserted in response to a statute of limitations defense. See Pharmacia Corp. Supplemental Pension Plan v. Weldon, 126 F. Supp. 3d 1061, 1074-75 (E.D. Mo. 2015); cf. Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991). Nonetheless, the issue of whether a suit is time-barred is a question of law, which properly may be resolved at the summary judgment stage if there are no genuine issues of material fact in dispute. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 835 (8th Cir. 2003); Hallgren v. U.S. Dep't of Energy, 331 F.3d 588, 589 (8th Cir. 2003).

at 2 (D. Neb. Oct. 16, 2018). See also, McLaughlin v. BNSF Ry. Co., No. 4:18-CV-3047, 2019 WL 4855147, at 2 (D. Neb. Oct. 1, 2019).

I. **Survival Action**

The survival action under the FELA belongs to the employee, not the personal representative, and accrues when he is aware or should have been aware that he was injured and that his injury may have been caused by his work Greene v. CSX Transp., Inc., 843 So. 2d 157, 163 (Ala. 2002); see also Reading Co. v. Koons, 271 U.S. 58 (1926).

Under the FELA's discovery rule, UPRR has the burden of showing that Poland knew or should have known, prior to October 23, 2015[3], that he suffered from a work-related illness. UPRR need only show that Poland knew or should have known "the essential facts" of his injury and its cause. Once armed with these facts, Poland had an affirmative duty to reasonably inquire as to the cause of his cancer. White, 867 F.3d at 1001; see also Tolston v. Nat'l R.R. Passenger Corp., 102 F.3d 863, 865-66 (7th Cir. 1996) ("Just to be clear the [Fries] court added [that] this rule imposes on plaintiffs the affirmative duty to investigate the cause of a known injury"); Fries, 909 F.2d at 1095. To apply another rule would thwart the purposes of repose statutes which are designed to apportion the consequences of time between plaintiff and defendant and to preclude litigation of stale claims. Fries, 909 F.2d at 1095.

Here, Poland knew he had colon cancer no later October 24, 2011 when he was diagnosed. And for decades prior to his diagnosis, Poland knew that he had been exposed to hazardous materials at work. With knowledge of these essential facts, Poland had an affirmative duty to investigate his diagnosis and its cause or risk losing the ability to sue. See § 56; White, 867 F.3d at 1002. Assuming the

---

[3] Three years before the lawsuit was filed.

claims are fairly attributable to a workplace injury today, they were no less so on October 24, 2011.

The undisputed facts of record establish that as of October 24, 2011, Poland knew he had colon cancer and knew of his workplace exposure to chemicals and other hazardous materials. Poland's claim therefore accrued no later than October 24, 2011, but Poland did not file suit within three years thereafter. Plaintiff's survival claim under the FELA is time-barred.

## II. Wrongful Death Action

A wrongful death cause of action accrues at the time of the employee's death. Reading Co. v. Koons, 271 U.S. 58 (1926). A wrongful death action is derivative and is dependent upon the right of the injured employee at the time of his death. Flynn v. New York, N.H. & H.R. Co., 283 U.S. 53, 56 (1931). No wrongful death action exists when an employee's right to bring suit is time-barred before his death. Id.; see also Davis v. CSX Corp., No. 1:10CV74, 2011 WL 6740547, at *3 (N.D.W. Va. Dec. 21, 2011) (holding Plaintiff's wrongful death action was not time-barred because the decedent maintained a cause of action under the FELA at the time of his death).

As analyzed above, Poland's FELA claim was time-barred at the time of his death. Therefore, Plaintiff's wrongful death claim under FELA is also time-barred.

Accordingly,

IT IS ORDERED:

1) UPRR's motion for summary judgment (Filing No. 25) is granted, and Plaintiff's FELA claims are dismissed with prejudice.

2) Judgment will be entered accordingly.

Dated this 29th day of January, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge